UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DANNY EUGENE PARKER,            )
                                )
    Plaintiff,                  )
                                )
v.                              )
                                )    CV416-118
NANCY A. BERRYHILL,[1]          )
Acting Commissioner of          )
Social Security,                )
                                )
    Defendant.                  )

### REPORT AND RECOMMENDATION

Plaintiff Danny Parker seeks judicial review of the Social Security Administration's denial of his application for Disability Insurance Benefits (DIB).

## I. GOVERNING STANDARDS

In social security cases, courts

> . . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security, and has been substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id*. § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id*. § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id*. § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id*. § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the RFC[2] to perform her past relevant work. *Id*. § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical Vocational

---

[2] At steps four and five, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). RFC is what "an individual is still able to do despite the limitations caused by his or her impairments." *Id*. (citing 20 C.F.R. § 404.1545(a); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under the fifth step." *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

2

Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir. 2015) (footnote added).

## II. ANALYSIS

Parker, who was 49 years old when his DIB claim was denied, alleges disability beginning March 8, 2011. Tr. 70, 172, 175. He is a high school graduate, married, and has past work experience as an electrician, front-load operator, and cook. Tr. 36-39, 199. After a hearing, the ALJ issued an unfavorable decision. Tr. 1-6, 15-26. He found that Parker's bipolar disorder constituted a severe impairment but did not meet or medically equal a Listing. Tr. 17-21. Based on the evidence of record, the ALJ found that he retained the RFC for a full range of work at all exertional levels, except that

> . . . he should not work at heights. He can perform simple, routine, and repetitive tasks, but not at a production pace. He can have frequent contact with supervisors and occasional contact with co-workers and the public.

Tr. 22.

Plaintiff, he determined, was unable to perform his past work but could perform the requirements of work as a "stores laborer," mail clerk,

and laundry folder, all work with an SVP[3] level of 2.  Tr. 24-25.  Hence, Parker was not disabled.  Tr. 26.  He disagrees, arguing that the ALJ erred in his evaluation of the medical evidence.  Doc. 13.

Over the course of mental health treatment with Dr. David Deuser, plaintiff generally responded well to medication and, though he occasionally experienced brief episodes of exacerbated symptoms, quickly compensated with an increase in dosage or other change in medication. Tr. 19; *see, e.g.*, tr. 374, 377, 484, 492, 498, 500.  In his medical source statement, however, Dr. Deuser opined that plaintiff was severely and markedly limited in several categories, including his ability to: complete a normal workday and work week without interruption; perform at a consistent pace; accept instructions and respond appropriately to criticism; work with others without distracting them; respond appropriately to changes in a routine work setting; and deal with stress. Tr. 19; *see* tr. 405-10.  Dr. Deuser further opined that Parker's panic attacks were severe enough to limit his ability to maintain a normal working schedule, and would cause him to miss more than four days of

---

[3]   Specific Vocational Preparation (SVP) is the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation.  DOT, App. C.

4

work a month. *Id.* He did not find plaintiff limited in any other functional domain. *Id.* The ALJ discredited Dr. Deuser's opinions that Parker had marked limitations and severe panic attacks because they are unsupported by and inconsistent with his treatment records and other findings. Tr. 19-20. Contrary to plaintiff's contentions, the ALJ had good cause to reject Dr. Deuser's opined limitations.

The ALJ properly noted that Parker's anxiety was adequately treated and controlled with medication. *See Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling"), *cited in Daniel ex rel. C.P.D. v. Colvin*, 2014 WL 931951 at \*6 (N.D. Ala. Mar. 10, 2014). Parker's demonstrated improvement with medication over the course of his treating history simply contradicts Dr. Deuser's opinion of total disability from his anxiety symptoms. *See Bell v. Bowen*, 796 F.2d 1350, 1353-54 (11th Cir. 1986) (the regulations provide that "although a claimant's physician may state he is 'disabled' or 'unable to work' the agency will nevertheless determine disability based upon the medical findings and other evidence."). That plaintiff can cherry-pick some notations in Dr. Dueser's records to support more-than-moderate,

sporadic symptoms does not alter the outcome. *See* doc. 13 at 14-15, n. 2. These tidbits fail to negate the rest (and convincing weight) of Dr. Deuser's reports, which: (a) affirmed that plaintiff's symptoms decreased in both frequency and severity with the right medication cocktail (*see* tr. 342-43, 361-66, 374-67, 380-84, 492, 498, 500; *see also* doc. 13 at 12 (conceding that "his mental state has improved somewhat since March 2011 . . . through adding medications and increasing the dosage of those medications as well as the therapy that he received through [social worker] Harris.")); and (b) underscore the dearth of clinical observations supporting his opinion of marked limitations or conclusion that Parker's panic attacks were disabling (*see, e.g.,* tr. 370-76). Tr. 19-20; *see* tr. 388 (consultative examiner opined, based on Parker's self-report and presentation during evaluation, that Parker did not have true panic attacks).

Further, Dr. Deuser's own opinion is contradicted by the other opinion evidence (*see* tr. 388) and internally inconsistent (*see* tr. 405-10). While Dr. Deuser opined that plaintiff's anxiety prevented him from accepting instruction and criticism from supervisors or getting along with coworkers, he failed to note any stress resulting from those same

6

activities.[4]  Tr. 20; *see* tr. 406-08.  He opined plaintiff would miss more than four days of work a month, but Parker testified he had only one panic attack once every three weeks or so.  Tr. 24; *see also* tr. 49 & 409.  These inconsistencies further undercut Dr. Deuser's opinion of total disability.  In sum, the ALJ did not err by rejecting those portions of the opinion unsupported by substantial evidence within the medical record.

## IV. CONCLUSION

Because the ALJ's decision is supported by substantial evidence in the record, the Commissioner's final decision should be **AFFIRMED**.

This report and recommendation (R&R) is submitted to the district

---

[4]  The Court agrees, in part, that the ALJ's reliance on a purported inconsistency between Dr. Deuser's opinion of Parker's abilities to work with supervisors, with coworkers, and with the general public cannot provide good cause for rejecting Dr. Deuser's opinion.  Doc. 13 at 11.  These are completely different social functioning limitations, and each restriction limits a worker in a different aspect of their social functioning during a workday -- *i.e.*, a limitation on Parker's ability to accept criticism from a supervisor has nothing to do with his ease in working with others or his ability to interact appropriately with a member of the public.

But, as discussed herein, this was not the only reason given for rejecting Dr. Deuser's opinion of marked limitations arising from plaintiff's non-severe, medically-controlled anxiety.  Hence, any error as to this last, additional reason for rejecting Dr. Deuser's opinion amounts to no more than harmless error.  *E.g., Carson v. Comm'r of Soc. Sec.*, 300 F. App'x 741, 746 n. 3 (11th Cir. 2008) (applying harmless error analysis to social security appeals where the record does not indicate that a legal error "affected the ALJ's decision"); *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) ("[W]hen an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decisions will stand."); *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (ALJ's error harmless where correcting it would not change the decision).

7

judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this __5th__ day of April, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA