**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

DANNY EUGENE PARKER, )
)
    Plaintiff, )
)
v. ) CASE NO. CV416-118
)
NANCY A. BERRYHILL,[1] Acting )
Commissioner of Social )
Security, )
)
    Defendant. )
)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 15), to which objections have been filed (Doc. 16). In his objections, Plaintiff repeats the same arguments contained in his initial brief and the Court can discern no avenue for relief. As a result, and for the more specific reasons stated below, the Court finds Plaintiff's objections to be without merit. Accordingly, the Report and Recommendation is **ADOPTED** as the Court's opinion in this case and the Commissioner's decision denying benefits is **AFFIRMED**. The Clerk of Court is directed to **CLOSE** this case.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security, and has been substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. The Clerk of Court is **DIRECTED** to amend the caption accordingly.

As the Magistrate Judge noted in his Report and Recommendation, the Court

> review[s] the Commissioner's decision for substantial evidence. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgement for that the Commissioner." Winschel, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 782 (11th Cir. 2014). Accordingly, the Court cannot overturn a decision of the Commissioner merely because the Court may have decided the issue differently if presented with the same facts. Instead, the Court looks to whether the Commissioner's decision is supported by substantial evidence, and whether the legal requirements and standards were followed.

Plaintiff alleges that the Administrative Law Judge ("ALJ") improperly ignored the opinion evidence of Dr. Deuser. (Doc. 16.) Dr. Deuser opined that Plaintiff had marked limitations caused by severe panic attacks. (Doc. 15 at 5.) As a result, Dr. Deuser believed that Plaintiff

2

would have difficulty completing a normal work schedule. (Id.) However, the ALJ discredited this opinion and noted that Plaintiff's medical records indicated that his anxiety was adequately treated and controlled with medication. (Id.) Moreover, the ALJ determined that Dr. Deuser's opinion was also contradicted by other evidence. Specifically, the ALJ considered that Plaintiff's self-reported incidence of panic attacks indicated that those attacks were unlikely to interfere with Plaintiff's work as frequently as Dr. Deuser opined. (Id. at 6.)

As a treating physician, Dr. Deuser's opinion is generally entitled to more weight. Winschel, 631 F.3d at 1179. However, an ALJ is entitled to discount a treating physician's opinion when the "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate its reasons." Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004) (internal citations omitted). In this case, the ALJ was entitled to discount Dr. Deuser's opinion. As the Magistrate Judge acknowledged, Dr. Deuser's opinion was not consistent with notations indicating that

3

Plaintiff's symptoms generally improved swiftly with drug treatment. Moreover, Dr. Deuser's opinion was inconsistent with Plaintiff's own assessment of the frequency of his panic attacks. (Doc. 15 at 6.) These inconsistencies and contradictions are sufficient evidence to support the ALJ's decision and the Court may not overturn it. Mitchell, 771 F.3d at 782. Accordingly, the ALJ did not err in discounting the opinion evidence of Dr. Deuser.

SO ORDERED this **27th** day of April 2017.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA